RUP, J.
After trial of this wrongful death action, the jury returned answers to special verdict questions indicating it found both the defendant, Worcester Housing Authority (WHA) and the plaintiffs’ decedent, Katherine C. Nagle (Nagle) negligent and that both WHA’s and Nagle’s negligence proximately caused injury to Nagle. On the comparative negligence question, the jury found both the WHA and Nagle to have been 50% negligent. In response to specific wrongful death questions, the jury answered: 1.) WHA’s negligence was not a proximate cause of Nagle’s death: and 2.) Nagle suffered conscious pain and suffering. The jury awarded no damages for Nagle’s conscious pain and suffering.[1]
Thereafter, the plaintiffs filed a motion for additur and new trial. The defendant filed a motion for costs in light of an offer of judgment in the amount of $5,000.00 made to the plaintiffs some sixteen months prior to trial. See Mass.R.Civ.P. 68.
DISCUSSION
During the six days of trial testimony the jury heard the following evidence.
In December of 1988 the decedent, Katherine C. Nagle (Nagle) was 83 years old. Nagle lived alone in an apartment operated by the WHA.
On December 1, 1988, at approximately 3:00 a.m., firefighters from the Worcester Fire Department found Nagle unconscious and unresponsive on the floor of her bathroom. The firefighters found her apartment fully involved in a fire, filled with heavy dense smoke, and at a very high temperature.
Upon investigation it was determined that Nagle’s careless use of smoking material had caused the fire.
Nagle was hospitalized as a result of her injuries. She received first, second and third degree burns over thirly percent of her body primarily in the area of her face, neck, upper torso and arms. The evidence showed that most of Nagle’s injuries consisted of the second degree burns.
Nagle remained hospitalized from December 1, 1988 until her death on February 13, 1989. She died from multiple organ failure caused by fluid loss and infections which resulted from her burned condition.
During her hospitalization, Nagle received numerous skin grafts. The evidence showed that for seven to ten days following her admission to the hospital, Nagle was conscious, oriented and alert. Because of the intense pain caused by her burns, hospital personnel administered pain killing medications to Nagle. Because she had difficulty breathing, hospital personnel had to insert a tube in Nagle’s throat. Nagle’s two and one-half month hospitalization and treatment cost $231,245.00.
The jury heard evidence that the smoke detector in Nagle’s apartment did not operate properly. In their complaint and at trial, the plaintiffs claimed the WHA: (1) negligently installed the smoke detector; (2) negligently failed to maintain and inspect the smoke detector; (3) negligently failed to repair or replace the smoke detector upon learning of its defective condition; and (4) negligently disconnected the smoke detector.
As noted above, the jury found both the WHA and Nagle fifty percent negligent. While the jury found that WHA’s negligence was not a proximate cause of Nagle’s death, it did find the WHA’s negligence a proximate cause of her injuries. And, even though the jury found that Nagle suffered conscious pain and suffering as a result of her injuries, it awarded no damages for that claim.
Upon consideration of the amount, and the weight of the evidence in this case, I conclude that the jury’s verdict was sound except for an unreasonable and inadequate damage award for Nagle’s conscious pain and suffering. See Freeman v. Wood, 379 Mass. 77, 785 (1980).
I find that damages in the amount of $80,000.00 would have been reasonable and adequate in view of the severe pain suffered by Nagle during the seven to ten days that she remained conscious of that pain. The jury having found that Nagle’s own negligence also caused her injuries and having attributed fifty percent of the total negligence to Nagle, that amount should be reduced to $40,000.00. Therefore, a new trial shall be granted in this matter on the issue of damages for conscious pain and suffering if the defendant does not accept an addition to the verdict in the amount of $40,000.00. Mass.R.Civ.P. 59(a). See, Thibault v. Mack, 19 Mass.App.Ct. 916, 917 (1984).
With respect to the defendant’s motion for costs pursuant to Mass.R.Civ.P. 68, if the defendant accepts the addition to the verdict, the judgment will then be more favorable than the $5,000.00 offer of judgment made by the defendant and, consequently, the defendant will not be entitled to its costs pursuant to Rule 68. If the defendant rejects the addition to the verdict, the defendant’s motion for costs is premature and therefore should be denied.
ORDER
For the reasons stated above, it is hereby ORDERED that the plaintiffs’ motion for new trial on the issue of damages for conscious pain and suffering shall be ALLOWED unless the defendant accepts an addition to the verdict in the amount of $40,000.00. It is further ORDERED that the defendants’ motion for costs shall be denied without prejudice.

The plaintiffs also brought individual claims of reckless infliction of emotional distress. The jury found for the WHA on each of those claims.